**O**

# United States District Court
# Central District of California

BAHRAM GHOLIZADEH; FARIDEH GHOLIZADEH,

Plaintiffs,

v.

WELLS FARGO BANK; DOES 1 – 100, inclusive,

Defendants.

Case № 2:14-cv-07575-ODW(AGRx)

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS [9]**

## I. INTRODUCTION

The instant action is Plaintiffs' last-ditch effort to avoid the inevitable consequences of defaulting on the mortgage loan that they received from Wells Fargo Bank, National Association's predecessor.[1] On October 21, 2014, Defendant filed a Motion to Dismiss the Complaint and a Request for Judicial Notice in Support of the Motion. (ECF Nos. 9-10.) Plaintiffs did not oppose the Motion or the Request. For the reasons discussed below, the Court **GRANTS** Defendant's Motion to Dismiss.[2] (*Id.*)

[1] Wells Fargo Bank is the successor to World Savings Bank, FSB, which was later named Wachovia Mortgage, FSB, and was the entity from whom Plaintiffs obtained the mortgage loan.

[2] After carefully considering the papers filed related to the Motion, the Court deems the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; L.R. 7-15.

## II. FACTUAL BACKGROUND

In 1991, Bahram Gholizadeh and Farideh Gholizadeh ("Plaintiffs") obtained a mortgage loan. (Compl. ¶ 11.) In 2008, Wachovia became the servicer of the loan. (*Id.* ¶ 12.) Shortly after, Farideh was laid off from his job. (*Id.* ¶ 13.) As a result, Plaintiffs suffered severe economic hardship. (*Id.*) In 2009, Plaintiffs defaulted on their loan and requested a loan modification from Wachovia. (*Id.* ¶ 14.) Wachovia granted a short reprieve on their payment structure—their interest rate was temporarily reduced, but would continue to increase yearly and eventually reach its original rate. (*Id.*) Without providing any detail, Plaintiffs allege that the loan was a "predatory, high interest rate loan." (*Id.* ¶ 15.)

Wells Fargo eventually became the servicer of the loan. (*Id.*) Plaintiffs provide little information as to what transpired with Wells Fargo. (*Id.* ¶ 15-16.) In 2011, Plaintiffs defaulted a second time and requested a loan modification from Wells Fargo, but claim that their "attempts to work with Wells Fargo proved to be futile." (*Id.*) After defaulting, Plaintiffs filed a Chapter 7 bankruptcy petition. (RJN, Exs. I-J.) They obtained a discharge and the bankruptcy action was dismissed. (RJN, Ex. I.) Without providing any detail, Plaintiffs allege that Wells Fargo "lost [their] modification packet, made unreliable offers to assist [at] the same time that they were actively attempting to foreclose on the Plaintiffs' property." (*Id.*)

On August 26, 2014, Plaintiffs filed suit in the Los Angeles County Superior Court, seeking declaratory and injunctive relief and alleging violations of California Civil Codes § 2923.6 and § 2923.5, violation of The Unfair Competition Law ("UCL"), contractual breach of the implied covenant of good faith and fair dealing, and promissory estoppel. (*Id.* ¶ 1.) On September 29, 2014 the instant action was removed to federal court. (ECF No. 1.)

### *1. California Civil Code §2923.6*

Plaintiffs allege that Defendant violated California Civil Code §2923.6(a) by denying Plaintiffs' loan modification request because Plaintiffs qualified and the

modification would have been in the best interests of all parties. (*Id.* ¶ 19.) Plaintiffs "demand that Defendant consider a loan modification workout option that is beneficial to both parties." Plaintiffs allege that by denying the request for a second loan modification, Defendant directly harmed Plaintiffs and caused a loss. (*Id.* ¶ 21.) Plaintiffs do not specify what type of loss.

*2. California Civil Code §2923.5*

Plaintiffs allege that Defendant violated California Civil Code §2923.5(a)(2) by filing a Notice of Default ("NOD") for the property without first contacting Plaintiffs to assess their financial situation and explore options to avoid foreclosure. (*Id.* ¶ 31.) Plaintiffs further allege that Defendant violated the same section by failing to advise Plaintiffs, before recording the NOD, of their right to request a subsequent meeting to be scheduled by the beneficiary within 14 days and to provide Plaintiffs with a toll free number to find a HUD-certified housing counseling agency. (*Id.* ¶ 32.) Although Plaintiffs are in default, Wells Fargo denies that it recorded a NOD pertaining to Plaintiffs' loan as of the date of the instant Motion. (Mot. 2.)

Plaintiffs allege that Defendant violated California Civil Code §2923.5(b) by filing the NOD without the required declaration stating that Defendant contacted Plaintiff and conducted all necessary due diligence. (*Id.* ¶ 33.) Plaintiffs additionally allege that Defendant violated California Civil Code §2923.5(g) by failing to meet numerous due diligence requirements. (*Id.* ¶ 34.)

*3. Implied Covenant of Good Faith and Fair Dealing*

Plaintiffs allege that Defendant breached the implied covenant of good faith and fair dealing by "den[ying] Plaintiffs the ability and opportunity to pay the monthly mortgage payment, after having been made aware of the fact that Plaintiffs had suffered significant economic hardship." (*Id.* ¶ 38.)

*4. Unfair Competition Law*

Plaintiffs allege that Defendant violated the California Business and Professions Code section 17200 et seq. ("UCL") by lulling Plaintiffs into a false sense of security

that they could keep their home. (*Id.* ¶ 45.) Plaintiffs allege that Defendant accomplished this by representing "to Plaintiffs to fall behind or withhold mortgage payments in order to qualify for a mortgage modification" and intentionally supplying Plaintiffs with incorrect mortgage modification documents. (*Id.* ¶ 45.) Without providing any detail, Plaintiffs allege that "Defendant's conduct constitutes unfair competition within the meaning of the [UCL]," and that Plaintiffs have suffered an "injury in fact" due to Defendant's unfair competition. (*Id.* ¶ 47.) Plaintiffs further allege that they are entitled to damages because they had to hire an attorney and pay considerable attorney's fees to prevent a wrongful foreclosure. (*Id.* ¶ 48.)

*5. Promissory Estoppel*

Plaintiffs allege that Defendant promised, through oral and written representations, not to foreclose on Plaintiffs' property if Plaintiffs completed an application for a loan modification and made monthly payments to Defendant. (*Id.* ¶ 52.) Plaintiffs allege that Defendant is estopped from taking any action contrary to the oral and written promises made to Plaintiff. (*Id.* ¶ 54.)

On October 21, 2014, Defendant filed a Motion to Dismiss the Complaint pursuant to Federal Rules of Civil Procedure 9(b) and 12(b). (ECF Nos. 9.) Plaintiffs did not oppose the Motion or the Request.[3]

## III. LEGAL STANDARD

### A. 9(b)

Fraud allegations are subject to a heightened pleading standard, requiring that "a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). "Particularity" means that fraud allegations must be accompanied by "the who, what, when, where, and how" of the misconduct charged. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103–06 (9th Cir. 2003). Allegations under Rule 9(b) must be stated with "specificity including an account of the time, place, and specific content of the false representations as well as the identities of the

[3] To the extent that the Court relies on Defendant's Exhibits A – J, the Court takes judicial notice.

parties to the misrepresentations." *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007).

**B. 12(b)(6)**

A court may dismiss a complaint under Rule 12(b)(6) for lack of a cognizable legal theory or insufficient facts pleaded to support an otherwise cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To survive a dismissal motion, a complaint need only satisfy the minimal notice pleading requirements of Rule 8(a)(2)—a short and plain statement of the claim. *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003). The factual "allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). That is, the complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The determination whether a complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. A court is generally limited to the pleadings and must construe all "factual allegations set forth in the complaint . . . as true and . . . in the light most favorable" to the plaintiff. *Lee v. City of L.A.*, 250 F.3d 668, 688 (9th Cir. 2001). But a court need not blindly accept conclusory allegations, unwarranted deductions of fact, and unreasonable inferences. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

As a general rule, a court should freely give leave to amend a complaint that has been dismissed. Fed. R. Civ. P. 15(a). But a court may deny leave to amend when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir.1986); *see Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

/ / /

## IV. DISCUSSION

Defendant filed the instant Motion to Dismiss and Plaintiffs did not oppose. The Court may, and does, deem Plaintiffs' failure to file opposition documents consent to the granting of the Motion. L.R. 7-12. Nevertheless, the Court will address each of Plaintiffs' allegations and Defendant's arguments.

### 1. California Civil Code § 2923.6

Plaintiffs note the California Legislature's intent "that the mortgage servicer offer the borrower a loan modification or workout plan if such a modification or plan is consistent with its contractual or other authority. (Compl. ¶ 18-19.) However, Plaintiffs misinterpret this section as creating a cause of action. California courts have held that the section upon which Plaintiffs rely "does not operate substantively," but "merely expresses the hope that lenders will offer loan modifications on certain terms." *Mabry v. Superior Court*, 185 Cal.App.4th 208, 223 (2010). Therefore, Plaintiffs "demand that Defendant consider a loan modification workout option that is beneficial to both parties" has no legal basis because Plaintiffs had no right to a second loan modification.

### 2. California Civil Code § 2923.5

Plaintiffs allege that Defendant violated California Civil Code §2923.5(a)(2) by filing an NOD without following proper procedure. Wells Fargo denies that it has already recorded an NOD pertaining to Plaintiffs' loan.

At this stage, the Court is generally limited to the pleadings and must construe all "factual allegations set forth in the complaint . . . as true and . . . in the light most favorable" to the Plaintiff. *Lee*, 250 F.3d at 688 (9th Cir. 2001). But the Court need not blindly accept conclusory allegations. *Sprewell*, 266 F.3d at 988 (9th Cir. 2001).

In the instant action, the Complaint is void of detail and riddled with conclusory allegations. The Court is not inclined to construe all factual allegations in the Complaint in the light most favorable to the Plaintiff. Therefore, the Court finds that Wells Fargo did not file a NOD and the requirements of §2923.5 do not apply.

**3. Implied Covenant of Good Faith and Fair Dealing**

Plaintiffs allege that Defendant breached the implied covenant of good faith and fair dealing by denying their request for a loan modification. This allegation suggests that Plaintiffs' loan agreement contained an implicit promise to assist Plaintiffs in their efforts to obtain a loan modification. Plaintiffs tried with §2923.6 to persuade the Court that Defendant is legally obligated to accept Plaintiffs' request for a loan modification. The implied covenant approach is different in form but not substance.

The covenant of good faith and fair dealing is implied to protect the express covenants of a contract, not a general public policy interest that is not directly tied to the contract's purpose. *Racine & Laramie, Ltd. V. Cal. Dep't of Parks and Recreation*, 11 Cal. App. 4th 1026, 1031 (1992). The covenant is implied to protect the express contractual covenants "to prevent a contracting party from engaging in conduct" that does not technically breach the express covenants, but "frustrates the other party's rights to the benefits of the contract." *Id.* at 1028.

The obvious purpose of the mortgage loan is to memorialize the terms on which Plaintiffs will pay back the money borrowed. There is no reason to believe that somewhere in the agreement is an implicit promise to permit Plaintiffs to change the terms of repayment because they defaulted a second time. Such an implied promise would directly undermine, not protect, the contract's express terms. Therefore, the Court finds no implied covenant that Wells Fargo would grant a request for a loan modification.

**4. Unfair Competition Law and Promissory Estoppel**

Plaintiffs allege that Defendant violated the UCL by making representations that lulled Plaintiffs into a false sense of security that they could keep their home. Plaintiffs also allege that Defendant is estopped from taking any action contrary to the representations made to Plaintiff.

Nowhere in the Complaint do Plaintiffs plead facts that show Wells Fargo, or any Wells Fargo representative, gave them the impression that they could remain in

default without losing their property in foreclosure. Therefore, the Court finds that there are no facts that support the allegation that Wells Fargo violated the UCL or is estopped from foreclosing on the property.

## V. CONCLUSION

For the reasons discussed above, the Court **GRANTS** Defendant's Motion to Dismiss **Without Leave to Amend** as to allegations based on California Civil Codes § 2923.6 and § 2923.5 and the implied covenant of good faith and fair dealing. (ECF No. 9.) The Court **GRANTS** Defendant's Motion to Dismiss **With Leave to Amend** as to allegations based on UCL and promissory estoppel.

**IT IS SO ORDERED.**

December 3, 2014

**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**