O
JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

BAHRAM GHOLIZADEH and
FARIDEH GHOLIZADEH,

          Plaintiffs,

  v.

WELLS FARGO BANK, N.A. and DOES 1 to 100,

          Defendants.

Case No. 2:14-CV-07575-ODW-AGR

**ORDER GRANTING DEFENDANT WELLS FARGO'S MOTION TO DISMISS [16]**

## I. INTRODUCTION

On December 3, 2014, the Court dismissed the Complaint filed by Plaintiffs Bahram Gholizadeh and Farideh Gholizadeh, granting leave to amend two claims. After Plaintiffs failed to file a First Amended Complaint by November 12, 2015, Defendant Wells Fargo Bank, N.A. moved to dismiss the action for failure to comply with this Court's order pursuant to Federal Rule of Civil Procedure 41(b). In their Opposition, Plaintiffs fail to provide any excuse for the ten-month delay. For the reasons discussed below, the Court **GRANTS** Wells Fargo's Motion to Dismiss and accordingly **DISMISSES** this action with prejudice. (ECF No. 16.)[1]

///

---

[1] After carefully considering the papers filed in support of and in opposition to the Motion, the Court deems the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; L.R. 7-15.

## II. FACTUAL BACKGROUND

On August 26, 2014, Plaintiffs filed a complaint in Los Angeles County Superior Court seeking declaratory and injunctive relief for alleged violations of California Civil Codes § 2923.5 and § 2923.6 and the Unfair Competition Law, breach of the implied covenant of good faith and fair dealing, and promissory estoppel. (*See* Not. of Removal, Ex. A.) Wells Fargo subsequently removed the case to federal court. (ECF No. 1.) On October 21, 2014, Wells Fargo filed a Motion to Dismiss the Complaint pursuant to Federal Rules of Civil Procedure 9(b) and 12(b). (ECF No. 9.) On December 3, 2014, after receiving no opposition from Plaintiffs, the Court dismissed with prejudice the allegations based on California Civil Code § 2923.5 and § 2923.6 and breach of the implied covenant of good faith and fair dealing, and dismissed without prejudice the remaining two claims. (ECF No. 12.) In a later order, the Court gave the Plaintiffs until January 5, 2015 to file a First Amended Complaint, following Well Fargo's request for a deadline. (ECF Nos. 13, 15.)

This case lay dormant until November 12, 2015, when Wells Fargo again filed a Motion to Dismiss, this time pursuant to Rule 41(b). (ECF No. 16.) Plaintiffs timely opposed, and Wells Fargo timely replied. (ECF Nos. 17, 18.)

## III. DISCUSSION

Under Rule 41(b), a district court has authority to *sua sponte* dismiss an action for failure to prosecute or failure to comply with court orders. Fed. R. Civ. P. 41(b); *see also Link v. Wabash R.R.*, 370 U.S. 626, 629–31 (1962); *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005). A court must weigh five factors when determining whether to dismiss a case under Rule 41(b): "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992). "[The Ninth Circuit] may affirm a dismissal where at least four factors support dismissal, ...

or where at least three factors "strongly" support dismissal." *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) (internal quotations omitted). As set forth below, the Court finds that four of the five factors weigh in favor of dismissal.

### A. Public's Interest in Expeditious Resolution of Litigation

The Ninth Circuit has explained that "the public's interest in expeditious resolution of litigation always favors dismissal." *Id.* Furthermore, the fact that Plaintiffs completely deserted this case for ten months (by failing to either file a First Amended Complaint or ask for an extension of the deadline) adds even more weight to this factor. *See Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (noting the plaintiff's failure to pursue the case for almost four months as a consideration for this factor.) Accordingly, this factor strongly weighs in favor of dismissal.

### B. Court's Need to Manage Its Docket

Courts next consider whether the delay in a particular case interferes with its ability to manage its docket efficiently. *See id.* Here, the Court has already dismissed the Complaint once, with leave to amend two claims. (*See* ECF No. 12.) Since that dismissal, the Court has heard nothing from Plaintiffs. Indeed, in their Opposition to Wells Fargo's Motion to Dismiss, Plaintiffs propose no new deadline for submission of a First Amended Complaint. From this dearth of information, the Court assumes that Plaintiffs intend to continue drawing this case out, consuming even more of the Court's schedule, and further allowing Plaintiffs, not the Court, to control the schedule of this case. *See Jara v. San Bernardino Sheriff's Dept.*, 2015 WL 127885, at *3 (C.D. Cal. Jan. 6, 2015) (finding that "[p]laintiff's inaction hinders the Court's ability to move this case toward disposition and indicates that Plaintiff does not intend to litigate this action diligently.") Because of this, the Court finds that this factor strongly favors dismissal.

### C. Risk of Prejudice to Wells Fargo

When determining whether a plaintiff's delay poses a risk of prejudice to the defendant, courts look to whether the plaintiff's actions "impair[] [the] defendant's

ability to proceed to trial or threaten[] to interfere with the rightful decision of the case." *Pagtalunan*, 291 F.3d at 642. A delayed lawsuit, in and of itself, is not prejudicial enough to warrant dismissal because delays are the "realities of the system that have to be expected." *Id.* However, when the delays are unreasonable, courts presume that the defendant is prejudiced. *See In re Phenylpropanolamine Prods. Liab. Litig.*, 460 F.3d 1217, 1227 (9th Cir. 2006) ("The law also presumes prejudice from unreasonable delay."). The plaintiff may rebut this presumption by showing that the defendant suffered no actual prejudice. *Id.* Additionally, if the plaintiff is able to offer some viable excuse for the delay, the burden of production shifts to the defendant to show actual prejudice. *Id.*

Here, Plaintiffs offer no excuse for their failure to file a First Amended Complaint by the Court's deadline. Furthermore, Plaintiffs offer no explanation as to why they abandoned this case for ten months. The Court therefore finds Plaintiffs' delay unreasonable and presumptively prejudicial. Because Plaintiffs do not suggest that Wells Fargo has not suffered any actual prejudice, the presumption is not rebutted. This factor therefore weighs strongly in favor of dismissal.

**D.    Public Policy Favoring Disposition on the Merits**

Generally, the public policy favoring disposition of a case on its merits weighs against dismissal. *See Pagtalunan*, 291 F.3d at 643. However, when a case is stalled or unreasonably delayed because of a party's failure to comply with deadlines, this factor "lends little support" to that party. *In re Phenylpropanolamine Prods. Liab. Litig.*, 460 F.3d at 1228. Here, Plaintiffs bore the responsibility of moving the case forward after the Complaint was dismissed. But Plaintiffs did not discharge this duty. *See Morris v. Morgan Stanly & Co.*, 942 F.2d 648, 652 (9th Cir. 1991) ("Although there is indeed a policy favoring disposition on the merits, it is the responsibility of the moving party to move towards that disposition at a reasonable pace. . . .") Therefore, although this factor weighs against dismissal, it ultimately lends little support to Plaintiffs.

**E.  Availability of Less Drastic Alternatives**

The Ninth Circuit has explained that a "district court need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986). A district court may satisfy the requirement of exploring alternative sanctions by explicitly explaining why the alternatives would be inadequate. *See Malone v. U.S. Postal Serv.*, 833 F.2d 128, 132 (9th Cir. 1987).

Wells Fargo argues that the Court already employed a less drastic sanction on Plaintiffs by dismissing their claims with leave to amend. (Mot. 3.) This argument is erroneous because dismissing the Complaint with leave to amend "was not a sanction in response to Plaintiffs' failure to obey a court order." *Yourish*, 191 F.3d at 992. Dismissing the case with prejudice would be a sanction for Plaintiff's failure to obey the Court's order regarding the First Amended Complaint.[2] *Id.*

Instead, the Court believes that any lesser sanctions would be inadequate and ineffective in this case. First, Plaintiffs never requested an extension to the deadline set by the Court for submitting a First Amended Complaint. Requesting an extension would show the Court that Plaintiffs had some ongoing concern in the case. Second, Plaintiffs did not communicate with the Court in any way for almost ten months, further showing that they seem to have forgotten about the pending case. Finally, in their Opposition to the present motion, Plaintiffs do not apologize for failing to submit a timely First Amended Complaint, request an extension of the deadline to submit a First Amended Complaint, or offer *any* hint of an explanation as to why they ignored the Court's Order. The only mention of a First Amended Complaint occurs when Plaintiffs request that the Court allow them to "amend the Complaint according to the

---

[2] Plaintiffs also seem to make this argument in their Opposition, arguing that the Court should have analyzed the Rule 41(b) factors in its Order dismissing the case with leave to amend. (Opp'n 3–4.) Analyzing the factors at that point would have been inappropriate as the Court was not actually sanctioning Plaintiffs for anything at that time as Plaintiffs had, thus far, complied with the Court's orders.

original order." (Opp'n 4.) This request is confusing as the original Order required Plaintiffs to submit a First Amended Complaint by January 5, 2015. (ECF No. 15.) Plaintiffs seem to have lost interest in this case, meaning an extension of the deadline for submitting a First Amended Complaint would likely be ignored as well, making it an ineffective sanction. *See Croaker v. Arias,* No. CV 15-1237-AG (AS), 2015 WL 5829876, at *3 (C.D. Cal. Aug. 5, 2015) ("[T]he Court finds that Plaintiff has lost interest in *his own lawsuit*. Therefore, the Court concludes that less drastic alternatives would be inadequate at remedying Plaintiff's failure to prosecute and obey court orders."). Because lesser sanctions would be ineffective and inadequate, the Court finds that this factor weighs in favor of dismissal.

Four of the Rule 41(b) dismissal factors weigh in favor of dismissal, and only one factor slightly weighs against dismissal. Accordingly, dismissal of the action with prejudice is appropriate.

## IV. CONCLUSION

For the reasons discussed above, Defendants' Motion to Dismiss is **GRANTED**. This case is **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED.**

December 17, 2015

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**